UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL LORUSSO,
     Petitioner,

vs.                        Case No.:  1:25cv254/MW/ZCB

SECRETARY OF FLORIDA
FAMILIES AND CHILDREN
SERVICES,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner has filed a *pro se* amended petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 5).  He is being detained on pending state criminal charges out of the Sixth Judicial Circuit, Pinellas County, Florida.  (*Id.*).  Petitioner is currently confined in the North Florida Evaluation and Treatment Center (NFETC) in Gainesville, Florida, for competency restoration.  (*Id.*).  For the reasons below, this case should be dismissed because Petitioner's challenges to his detention are subject to abstention under *Younger v. Harris*, 401 U.S. 37 (1971).  Additionally, his challenges to the conditions of his confinement are not properly brought

1

in a habeas corpus action and instead must be brought in a civil rights action.

## I.    Background

As previously mentioned, Petitioner is facing criminal charges in state court. That court found him incompetent to proceed and committed him to Respondent's custody for competency restoration. Petitioner's amended habeas petition presents five claims. (Doc. 5 at 3-5). Two of those claims challenge the legality of his detention (Grounds Two and Five). Two other claims challenge the conditions of his confinement at the NFETC (Grounds Three and Four). The remaining claim alleges Respondent failed to comply with court orders in two other habeas cases pending in this Court (Ground One). The Court will first discuss its authority to pre-screen habeas petitions and then explain why dismissal of Petitioner's amended petition is warranted.

## II.    Discussion

Under the Rules Governing § 2254 Cases,[1] the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition

---

[1] These Rules apply to petitions under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts.  Rule 4 authorizes federal district courts to pre-screen and dismiss a habeas corpus petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020) (explaining that federal district courts have a duty "to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.").  That is what should happen here.

### A. Petitioner's challenges to the legality of his detention are subject to abstention under the *Younger* doctrine.

Two of Petitioner's claims appear to challenge the legality of his pre-trial detention.  Ground Two alleges Respondent is prolonging his

---

(Habeas Rules) (stating "The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). Additionally, the Court's Local Rules provide, "The Rules Governing Section 2254 Cases in the United States District Courts, as adopted by the Supreme Court, apply to all habeas corpus petitions in this District whether or not filed under section 2254." N.D. Fla. Loc. R. 5.7(C).

detention in the state mental hospital by failing to comply with state court orders to obtain his medical records, in violation of his due process rights under the Fifth Amendment.  (Doc. 5 at 3).  Petitioner's Ground Five alleges he is entitled to appointment of counsel while detained in the state hospital.  (*Id.* at 5).

Under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), "a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Fla.*, 32 F.4th 1092, 1099 (11th Cir. 2022). *Younger* abstention is warranted when "(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Id*. at 1099.  There are three "narrow exceptions" to *Younger* abstention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id*.

Here, the requirements of *Younger* abstention are met.  First, there is an active criminal case against Petitioner pending in the Pinellas

County Circuit Court. *See State of Florida v. Lorusso*, Case No. 2024-CF-06524 (Pinellas Cnty. Cir. Ct.). Second, a state criminal prosecution involves important state interests. *See Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (explaining that the state has an important interest in prosecuting criminal offenses). Finally, there is no reason to believe that the Florida state court where the criminal action is pending will not afford Petitioner an adequate opportunity to raise the issues presented in his § 2241 petition.

Because the three requirements for *Younger* abstention are met, abstention is appropriate unless Petitioner has shown that an exception applies. *See Leonard v. Ala. State Bd. of Pharm.*, 61 F.4th 902, 908, 912 (11th Cir. 2023) (recognizing that "the burden is on the plaintiff to show" that a *Younger* exception applies).[2] None do.

---

[2] Petitioner is aware of *Younger* abstention and its exceptions because he has filed numerous habeas cases that were dismissed on this basis. *See, e.g.*, *Lorusso v. Pinellas County Sheriff*, No. 8:25-cv-00189 (M.D. Fla. Jan. 28, 2025) (dismissed on grounds of exhaustion and *Younger*); *Lorusso v. Pinellas County Sheriff, et al.*, No. 8: 25-cv-00188 (M.D. Fla. Jan. 28, 2025) (same); *Lorusso v. State Attorney Bruce Bartlett*, No. 8:25-cv-00343 (M.D. Fla. Feb. 11, 2025) (same); *Lorusso v. State Attorney Bruce Bartlett, et al.*, No. 8:25-cv-00345 (M.D. Fla. Feb. 11, 2025) (same); *Lorusso v. Pinellas County Sheriff, et al.*, No. 8:25-cv-00355 (M.D. Fla. Mar. 20, 2025) (same); *Lorusso v. Pinellas County Sheriff, et al.*, No. 8:25-cv-00356

Looking first to the bad faith exception, the Supreme Court has held that "bad faith in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Leonard*, 61 F.4th at 911 (cleaned up). Here, Petitioner has not shown that the state prosecution was brought with no "reasonable expectation" of securing a conviction. He thus has not satisfied *Younger*'s bad faith exception.

The Court will now turn to the second exception. To show irreparable injury in the context of an ongoing state criminal prosecution, Petitioner must demonstrate that "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. One of Petitioner's claims alleges he is entitled to appointment of counsel while detained/"kidnapped" in the state hospital. (Doc. 5 at 5). This allegation appears to suggest Petitioner is being held without representation by counsel. Federal courts are divided as to whether the "irreparable loss"

---

(M.D. Fla. Feb. 14, 2025) (same); *Lorusso v. Pinellas County Sheriff, et al.*, No. 8:25-cv-00357 (M.D. Fla. Feb. 14, 2025) (same); *Lorusso v. Warden, Pinellas County Jail*, No. 8:24-cv-02870 (M.D. Fla. Dec. 17, 2024) (same); *Lorusso v. Warden, Pinellas County Jail*, No. 8:25-cv-00081 (M.D. Fla. Jan. 17, 2025) (dismissed on several grounds, including *Younger*).

exception to *Younger* abstention applies where a pre-trial detainee in a criminal proceeding alleges he is being held without counsel. *Compare Betschart v. Oregon*, 103 F.4th 607, 617-18 (9th Cir. 2024) (holding that the "irreparable injury" exception was satisfied where petitioner alleged he was being held without counsel), *with Sweeten v. Sneddon*, 463 F.2d 713, 714-15 (10th Cir. 1972) (holding that the "irreparable injury" exception was not satisfied by petitioner's allegation that the state court refused to appoint counsel and explaining that petitioner had an adequate remedy in state court).

The Court need not decide whether an allegation of denial of the right to counsel satisfies the "irreparable injury" exception because that is not the circumstance here. According to the exhibits filed in Petitioner's other § 2241 cases pending in this Court, No. 1:25cv105/TKW/MAF and 1:25cv108/TMCR/MAF, the state court initially permitted Petitioner to represent himself but also appointed the public defender as stand-by counsel.[3] Two weeks later, the court granted

---

[3] *See Lorusso v. Sec'y Fla. Dep't of Child. and Fam.,* No. 1:25cv105/TKW/MAF, Doc. 31-2 at 16, 18-22, 29, 110-15, 125-27, 129-30, 132-33) (N.D. Fla.); *Lorusso v Sec'y Fla. Dep't of Child. and Fam.*, No. 1:25cv108/MCRMAF, Doc. 21-2 at 16, 18-22, 48-50, 52, 133-38, 152-53,

Petitioner's *pro se* motion for a competency evaluation. The evaluator concluded Petitioner was incompetent. The state court found Petitioner incompetent to proceed and appointed counsel for Petitioner. Petitioner remains represented by counsel in the state court action. Because Petitioner is not being held without counsel, he has not satisfied the irreparable injury exception to abstention. *See Hemphill v. Whetsel*, 137 F. App'x 191, 192 (10th Cir. 2005) (explaining that district court properly denied § 2241 petition based on *Younger* abstention where state court docket showed petitioner had been represented by counsel each time he appeared in state court).

Moving finally to the third *Younger* exception, Petitioner has failed to show that the Florida state courts are an inadequate forum for his constitutional challenges. "Adequacy in this context is not about the quality of the state proceedings, but rather about whether the challenge *can be raised* in the pending state proceedings at all." *Leonard*, 61 F.4th at 908 (cleaned up). Put another way, "what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims

155-56 (N.D. Fla.).

in the state courts." *Id.* (cleaned up).  Petitioner has pointed to nothing in Florida state law or procedure that would prohibit him from raising in state court the same issues he has raised in his § 2241 petition.

For these reasons, abstention under *Younger* serves as a basis for dismissal of Petitioner's challenges to the legality of his detention.  *See Younger*, 401 U.S. at 43-45 (explaining that federal courts generally must abstain from granting injunctive or declaratory relief which would interfere with pending state criminal proceedings).

**B.    Petitioner's challenges to the conditions of his confinement in the NFETC are properly brought in a civil rights action, not a habeas corpus action.**

Grounds Three and Four of Petitioner's amended petition allege Respondent is violating his right to access the courts under the First Amendment by interfering with his legal mail.  (Doc. 5 at 4).

Federal law opens two main avenues to relief for persons being held in state custody:  a petition for habeas corpus and a complaint under 42 U.S.C. § 1983.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006).  The sole function of habeas corpus "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose."  *Cook v. Hanberry*,

592 F.2d 248, 249 (5th Cir. 1979), *revised by* 596 F.2d 658 (5th Cir. 1979).[4] For this reason, constitutional claims merely challenging the conditions of an inmate's confinement "fall outside [the] core" of habeas corpus and must be brought in an action under § 1983. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (explaining that if a claim would not necessarily spell speedier release, then the claim does not lie at the core of habeas corpus and may be brought, if at all, under § 1983).

Petitioner's claims concerning interference with his legal mail and access to the court do not imply the invalidity of his detention and thus must be presented in a civil rights action under § 1983. For this reason, Grounds Three and Four should be dismissed without prejudice. *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013) (explaining that the district court should dismiss a habeas petition raising a claim available under § 1983).

---

[4] The Eleventh Circuit adopted as binding precedent all decisions handed down by the Fifth Circuit before the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

**C.    Petitioner's claim concerning Respondent's failure to comply with court orders in Petitioner's other habeas cases is not properly brought in this habeas case.**

Petitioner's remaining claim (Ground One) alleges Respondent failed to comply with Magistrate Judge Fitzpatrick's orders in two other habeas cases currently pending in this Court, No. 1:25cv105/TKW/MAF and 1:25cv108/TMCR/MAF.  (Doc. 5 at 3).  This allegation does not state a basis for habeas relief in this case.  If Petitioner wishes to obtain relief in his other pending cases, then he needs to file appropriate motions in those cases.  For this reason, Petitioner's Ground One does not state a basis for habeas relief.

## III.  Conclusion

Because some of Petitioner's claims are subject to *Younger* abstention and his remaining claims do not state a basis for habeas relief, Petitioner's amended petition under 28 U.S.C. § 2241 should be dismissed without prejudice.[5]

---

[5] *See Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) (explaining that a petition subject to *Younger* abstention is properly dismissed without prejudice).

11

## IV.    Certificate of Appealability

A certificate of appealability is required for a pretrial detainee to appeal the dismissal of a federal habeas corpus petition. *Hiteshaw v. Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008). "Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (cleaned up).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the final order in this case deny Petitioner a certificate of appealability. If Petitioner objects to this recommendation, then he may present argument on the issue by bringing it to the district judge's attention in his objections.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The amended habeas petition under 28 U.S.C. § 2241 (Doc. 5)

be **DISMISSED without prejudice**.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida this 26th day of September 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.